Amanda E. Heitz (SBN 026519)
**BOWMAN AND BROOKE LLP**
Phoenix Plaza – Suite 1900
2929 North Central Avenue
Phoenix, Arizona 85012-2721
Telephone: (602) 643-2300
Fax: (602) 248-0947
Amanda.Heitz@bowmanandbrooke.com

*Attorneys for CHS TX Inc. and YesCare Corp.,
and Geneva Consulting LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ANTOINETTE WINDHURST, a single/widowed woman on behalf of herself and as Personal Representative of the Estate of her deceased husband, David Windhurst,<br><br>Plaintiff,<br><br>vs.<br><br>ARIZONA DEPARTMENT OF CORRECTIONS, a governmental entity; CHARLES RYAN, in his individual capacity as the Director of Arizona Department of Corrections; STATE OF ARIZONA, a governmental entity; CORIZON HEALTH, INC., a business domiciled in Arizona,<br><br>Defendants. | Civil No.: 4:25-cv-00257-SHR-PSOT<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**PUTATIVE DEFENDANTS' MOTION TO TRANSFER VENUE TO THE U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION PURSUANT TO 28 U.S.C. 1412** |

Pursuant to 28 U.S.C. § 1412, Defendants CHS TX Inc. ("CHS TX"), YesCare Corp. ("YesCare"), and Geneva Consulting LLC ("Geneva") (collectively, "Putative Defendants") respectfully move to transfer this action to the U.S. Bankruptcy Court for the Southern District of Texas (Houston Division), which presides over the Chapter 11 case styled as *In re Tehum Care Services, Inc.*, Case No. 23-90086 (CML) (the "Bankruptcy Court"). As explained below, the Bankruptcy Court retained exclusive jurisdiction to determine the issues raised by Plaintiff Antionette Windhurst's ("Plaintiff") attempt to substitute the Putative Defendants for the Debtor in the Arizona state court action that the Putative Defendants removed to this Court.

## STATEMENT OF FACTS

### A. The Bankruptcy Proceeding and Plan

Tehum Care Services, Inc. f/k/a Corizon Health, Inc. ("the Debtor") commenced its Chapter 11 case on February 13, 2023, styled as *In re Tehum Care Services, Inc.*, Case No. 23-90086 (CML) venued in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Bankruptcy Court"). **Exhibit A**. By Order dated March 3, 2025 [Bankr. SD Tex. Doc. No. 2014] (the "Plan"), the Bankruptcy Court confirmed the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor (the "Plan"). *Id.* All capitalized terms used both herein and in the Plan are used as defined in the Plan.

The Plan contains several relevant definitions for the purposes of this matter and motion. The Plan defines the term "Settlement Parties" to include "YesCare Corp., its wholly owned subsidiaries (including CHS TX, Inc.)" and "Geneva Consulting LLC." *Id.* at 77 (Plan, Art. I, ¶ 182). The Plan also defines the term "Released Parties" to include "the Settlement Parties." *Id.* at 76 (Plan, Art. I, ¶ 175).

The Committees, the Debtor, and the Settlement Parties "reached a global resolution of all issues among them in the Chapter 11 case, resulting in a compromise, settlement, and release of all potential claims by and among the Settlement Parties" as set forth in the Plan. Plan, Art. IV.B (the "Estate Party Settlement"). *Id.* at 90. Through the Plan, the Bankruptcy Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan," including the Estate Party Settlement. *Id.* at 54, 118 (Plan Art. XII.A.).

The Estate Party Settlement resulted in "Estate Causes of Action" being retained by and transferred to the Trusts. *Id.* at 76-77 (Plan, Art. I., ¶ 177). The Estate Causes of Action include "fraudulent conveyances and transfers" and

> **(a)** Causes of Action that prior to the Petition Date could have been asserted by the Debtor on its own behalf under applicable state law, including Causes of Action seeking to impose liability based on (i) the doctrine of successor liability, or **(ii) the doctrines of**

2

> **alter ego or veil piercing; (b) Causes of Action that seek to impose liability for a Claim against the Debtor on any non-Debtor based on a theory of liability that is not specific to one or more particular creditors and is common to all creditors of the Debtor and can be asserted by the Debtor under applicable state law; and (c) all other Causes of Action that are property of the Estate under the Bankruptcy Code, including any other form of derivative or vicarious liability for liabilities of the Debtor.**

*Id.* at 69 (Plan, Art. I, ¶ 77). The Plan also included a "Release of Estate Causes of Action Against the Released Parties" that included a release of:

> any and all Estate Causes of Action based on or relating to, or in any manner arising from any act, omission, transaction, event, or other circumstance taking place or existing on or before the Effective Date in connection with or related to the Debtor, the Estate, their respective current or former assets and properties, **the Chapter 11 Case, the Plan of Divisional Merger**, the Payment Agreement, any Claim or Interest that is treated by the Plan, **the business or contractual arrangements between one or both of the Debtor and any Released Party**, the restructuring of any Claim or Interest that is treated by the Plan before or during the Chapter 11 Case, any of the Plan Documents, **or any related agreements, instruments, and other documents created or entered into before or during the Chapter 11 Case or the negotiation, formulation, preparation, or implementation thereof**, the pursuit of confirmation, the administration and implementation of the Plan, the solicitation of votes with respect to the Plan, the distribution of any property under the Plan, **or any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.**

*Id.* at 93-94 (Plan, Art. IV.B.9).

Plaintiff opted out under the Plan and was therefore classified in Class 7 as the Holder of an Opt Out PI/WD Claim. As the holder of such claim, Plaintiff

> shall retain or receive, in full and final satisfaction of such Claim, the claims or theories of recovery or remedies based on the doctrine of successor liability that such Holder held and could have asserted against YesCare Corp., CHS TX, Inc., or any other alleged successor entity immediately prior to the Petition Date as part of or in connection with its PI/WD Claim and that became, as of the Petition Date, part of the claims

>or theories of recovery or remedies that could have been asserted by the Debtor as an Estate Cause of Action. Except for the foregoing, **Holders of Opt-Out PI/WD Claims may not assert any Estate Causes of Action to the extent that (a) such Estate Cause of Action is settled and released under the Plan pursuant to the Estate Release or (b) such Estate Cause of Action is a Retained Estate Cause of Action that is transferred to the Trusts under the Plan. Consistent with the foregoing**, each Holder of an Opt-Out PI/WD Claim may elect to pursue recovery on account of its PI/WD Claim from any of the Released Parties.

*Id.* at 88 (Plan, Art. III.F.7).

Thus, Plaintiff is permitted to sue the Released Parties under a theory of successor liability ***only as permitted by Art. III.F.7 of the Plan***.  All other Estate Causes of Action were transferred to the Trusts and unless released on the Final Payment Date pursuant to Art. IV.B.9 of the Plan, no party other than the Trusts have standing to assert such claims.

### B.     Plaintiff's Action

In December 2017, Plaintiff initiated the instant Action against Debtor, the Arizona Department of Corrections and its Director, and the State of Arizona on her own behalf and as the representative of the estate of decedent David Windhurst ("Windhurst").  **Exhibit B**.  According to the Complaint, Plaintiff's claims arise out of the alleged wrongful death of Windhurst on December 25, 2016.

On May 18, 2025, Plaintiff filed a motion in this Action seeking to amend her Complaint pursuant to Arizona Rule of Civil Procedure Rule 25(c) to substitute the Putative Defendants for the Debtor or, in the alternative, to add the Putative Defendants as party defendants.  **Exhibit C**.  In her Motion to Substitute, Plaintiff directly asserts for the first time that the Putative Defendants should be substituted for the Debtor and/or added as parties based on causes of actions asserting fraudulent transfer, alter ego, veil piercing, and other claims directly asserting that the Plan of Divisional Merger, Chapter 11 proceeding, and other transactions were part of a fraud, fraudulent transfer, or were undertaken for a "fraudulent purpose."  *Id.* at 10, 15 17, 19, 20-23.  Plaintiff also contends YesCare's acquisition of CHS TX was a "sham transaction."  *Id.* at 18.

# ARGUMENT

Motions to transfer venue of a case or proceeding under title 11 are governed by 28 U.S.C. § 1412. Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc.*, No. CIV 08-0502-PHX-DKD, 2009 U.S. Dist. LEXIS 131313, at *7-8 (D. Ariz. Mar. 31, 2009). "A transfer of venue is determined under § 1412 as an 'either-or test, not a two-fold one.'" *Id.* (quoting *In re Enron Corp.*, 317 B.R. 629, 637 (Bankr. S.D.N.Y. 2004)). "When considering whether to transfer a proceeding in the interest of justice, a court should consider 'whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness.'" *Id.* at *8 (quoting *Gulf States Expl. Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990)).

This case should be transferred to the United States Bankruptcy Court for the Southern District of Texas (Houston Division) in connection with the bankruptcy proceeding in *In re Tehum Care Services, Inc.*, Case No. 23-90086 (CML). The Plan unambiguously provides that the Bankruptcy Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan." **Exhibit A** at 54, 118 (Plan Art. XII.A.). The Bankruptcy Court's exclusive jurisdiction includes, but is not limited to, jurisdiction to enforce the Plan and to determine issues related to the Estate Party Settlement and the Estate Causes of Action, which include causes of actions asserting fraudulent transfer, alter ego, veil piercing, and other claims directly asserting that the Plan of Divisional Merger, Chapter 11 proceeding, and other transactions were part of a fraud, fraudulent transfer, or were undertaken for a "fraudulent purpose." *Id.* at 69 (Plan, Art. I, ¶ 77.). No party other than the Trusts has standing to assert such claims.

Plaintiff's Motion to Substitute explicitly seeks to amend her pleadings in this Action to substitute the Putative Defendants for the Debtor or, in the alternative, to add the Putative Defendants as party defendants, based on causes of action asserting fraudulent transfer, "alter

5

ego," piercing the corporate veil, and general claims of fraud—all Estate Causes of Action that belong to the Trusts and therefore cannot be asserted by Plaintiff pursuant to the Plan. *Id.*; **Exhibit C** at 10, 15 17, 19, 20-23. If Plaintiff refuses to withdraw the Estate Causes of Action against the Putative Defendants, the Bankruptcy Court is therefore the proper venue to hear any disputes related to and arising out of the Plan regarding Plaintiff's attempt to add the Putative Defendants as defendants in her action.

Transfer of the instant matter to the Bankruptcy Court therefore unquestionably promotes the "efficient administration of the bankruptcy estate," "judicial economy," and "fairness." *Hacienda Heating & Cooling, Inc.*, 2009 U.S. Dist. LEXIS 131313, at *8; *see also Alpine Inv'rs IV SBIC LP v. Smith*, No. CV-20-00837-PHX-DJH, 2020 U.S. Dist. LEXIS 115382, at *1 (D. Ariz. June 26, 2020) (transferring case from the District of Arizona directly to the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1412); *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2016)[1] (providing for the automatic referral of all cases arising in, arising under, or related to a case under title 11 of the United States Code to the bankruptcy court). As such, transfer of the instant matter to the Bankruptcy Court for the Southern District of Texas (Houston Division) is not only warranted but necessary for the promotion of efficient administration of the bankruptcy estate, judicial economy, and fairness because, absent a transfer of venue, Plaintiff's newly asserted claims cannot be adjudicated.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] A copy of the Southern District of Texas District Court's General Order 2012-6 (S.D. Tex. May 24, 2016) is attached as **Exhibit D**.

6

## CONCLUSION

For the foregoing reasons, Putative Defendants respectfully request that the Court transfer the case to the United States Bankruptcy Court for the Southern District of Texas (Houston Division) presiding over the bankruptcy proceeding styled *In re Tehum Care Services, Inc.*, Case No. 23-90086 (CML).

Respectfully submitted this 30th day of May, 2025.

By: */s/ Amanda E. Heitz*
Amanda E. Heitz
**BOWMAN AND BROOKE LLP**
2929 N. Central Avenue, Suite 1900
Phoenix, AZ 85012
602-643-2300
amanda.heitz@bowmanandbrooke.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 30th, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Nathan S. Rothschild
Katie Filous Malka
MESCH CLARK ROTHSCHILD
259 N. Meyer Ave.
Tucson, AZ 85701
Phone: 520-624-8886
nrothschild@mcrazlaw.com
kmalka@mcrzlaw.com
ecfpima@mcrazlaw.com

Michael J. Crawford
CRAWFORD LAW, PLLC
34 W. Franklin St.
Tucson, AZ 85701
Phone: 520-822-8644
michael@crawfordazlaw.com

*Attorneys for Plaintiff*

Anthony J. Fernandez
Alyssa R. Illsley
Dustin A. Christner
Quintairos, Prieto, Wood & Boyer, P.A.
8800 E. Raintree Drive, Ste. 100
Scottsdale, AZ 85260
afernandez@qpwblaw.com
alyssa.illsley@qpwblaw.com
dustin.christner@qpwblaw.com

*Attorneys for Defendants*

By: */s/ Marcie Buchanan*
    An Employee of Bowman and Brooke LLP